**SIDLEY AUSTIN LLP**
Jessica C.K. Boelter (*pro hac vice admission pending*)
Matthew G. Martinez (*pro hac vice admission pending*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000

- and -

Danielle E. Perlman
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
In re:                                            :    Chapter 15
                                                  :
MURRAY HOLDINGS LIMITED,[1]                       :    Case No. 15-11231 (___)
                                                  :
          Debtor in a Foreign Proceeding.         :
                                                  :
------------------------------------------------------------------x

**VERIFIED PETITION OF FOREIGN REPRESENTATIVES FOR RECOGNITION OF THE ISLE OF MAN SCHEME PROCEEDING AS A FOREIGN MAIN PROCEEDING AND MOTION FOR (I) RECOGNITION AND ENFORCEMENT OF THE ISLE OF MAN SCHEME OF ARRANGEMENT AND THE ORDER OF THE ISLE OF MAN COURT SANCTIONING THE ISLE OF MAN SCHEME OF ARRANGEMENT, (II) A <u>FINAL DECREE AND (III) CERTAIN RELATED RELIEF</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Arnaldur Jon Gunnarsson and Arnar Scheving Thorsteinsson, in their capacities

as the Nominated Directors and authorized foreign representatives (in such capacities, the

"<u>Nominated Directors</u>" or "<u>Foreign Representatives</u>") of Murray Holdings Limited (the

---

[1] The Isle of Man registered number of Murray Holdings Limited is 080684C. The mailing address and registered office of Murray Holdings Limited is 69 Athol Street, Douglas, Isle of Man IM1 1JE.

"Company") in connection with the Company's Scheme of Arrangement (the "Isle of Man Scheme") pursuant to section 152 of the Isle of Man Companies Act 1931 and the proceeding (such proceeding, the "Isle of Man Scheme Proceeding") pursuant to which the Isle of Man Scheme was proposed, solicited and sanctioned by the High Court of Justice of the Isle of Man (the "Isle of Man Court"), by and through the undersigned counsel to the Foreign Representatives, hereby submit this verified petition and motion (this "Verified Petition") pursuant to sections 105, 350, 362, 1507, 1515-1517 and 1519-1522 of title 11 of the United States Code (the "Bankruptcy Code"), rule 5009(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and rule 5009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Recognition and Enforcement Order"), (I) granting recognition of the Isle of Man Scheme Proceeding as a foreign main proceeding, (II) recognizing, enforcing and giving effect to the Isle of Man Scheme and the order of the Isle of Man Court dated December 22, 2014 (the "Isle of Man Sanction Order") sanctioning and approving the Isle of Man Scheme in the United States of America (the "United States"), (III) closing the above-captioned chapter 15 case (the "Chapter 15 Case") and (IV) granting such other and further relief as the Court deems just and proper. In support hereof, the Foreign Representatives respectfully represent as follows:

## STATUS OF THE CASE, JURISDICTION AND VENUE

1.     On March 8, 2010, Andrew Paul Shimmin was appointed as liquidator provisional (in such capacity, the "Liquidator Provisional") of the Company by the Isle of Man Court pursuant to an application filed by Kaupthing hf., a company incorporated in Iceland, and the ultimate parent of the Company.

2. On March 29, 2010, the Company was wound up by the Isle of Man Court and an order was made appointing the Liquidator Provisional as liquidator (in such capacity, the "Liquidator").

3. On or about November 18, 2014, the Company commenced solicitation of votes for or against sanctioning the Isle of Man Scheme.[2]

4. On December 22, 2014, the Isle of Man Court held a hearing in order to consider sanctioning the Isle of Man Scheme. On the same day, the Isle of Man Court entered the Isle of Man Sanction Order. A true and correct copy of the Isle of Man Sanction Order is attached hereto as Exhibit B. A true and correct copy of the Isle of Man Scheme is attached to the Isle of Man Sanction Order. The "Effective Date" (as defined in the Isle of Man Scheme) occurred on December 23, 2014. The Isle of Man Sanction Order states, in relevant part, as follows:

> **AND THE COURT FURTHER DECLARES THAT** for the purposes of any application for recognition of or assistance in connection with the Scheme which may be made in the British Virgin Islands and/or any state of the United States of America including, without limitation, under Chapter 15 of the United States Bankruptcy Code, (but without prejudice to a decision of the Courts of either the British Virgin Islands and/or the United States of America) upon the Scheme becoming effective and by virtue of its terms;
>
> . . . The Nominated Directors (as defined in the [Isle of Man Scheme]), when appointed, will be persons authorised to act as representatives of the Company and the [Isle of Man Scheme] including acting as a foreign representative in any proceedings under Chapter 15 of the United States Bankruptcy Code;

(Isle of Man Sanction Order ¶¶ 3, 5.)

---

[2] Capitalized terms used but not defined in this Verified Petition shall have the meanings ascribed to them in the Isle of Man Scheme.

3

5.  Additionally, section 49 of the Isle of Man Scheme provides that "[t]he Nominated Directors shall be authorised to act as representatives for the Company on any application for recognition and assistance in relation to [the Isle of Man Scheme] . . . in any jurisdiction and under whatever laws including . . . Chapter 15 of the United States Bankruptcy Code . . . ."  (Isle of Man Scheme § 49.)  Accordingly, on the Effective Date, the Nominated Directors were granted authority to act as Foreign Representatives of the Company in a case under chapter 15 of the Bankruptcy Code.

6.  Arnaldur Jon Gunnarsson and Arnar Scheving Thorsteinsson were appointed as Nominated Directors by written resolution (the "Kirna Resolution") of Kirna ehf. dated March 19, 2015, a true and correct copy of which is attached hereto as Exhibit C.  Also pursuant to the Kirna Resolution, on March 19, 2015, the Company, which was formerly named Isis Investments Limited (in liquidation), legally changed its name to Murray Holdings Limited.  The appointment of the Nominated Directors and the name change took effect at midnight on March 31, 2015 pursuant to an order made on March 26, 2015 (the "Appointment Order") by the Isle of Man Court.  A true and correct copy of the Appointment Order is attached hereto as Exhibit D.

7.  On May 11, 2015 (the "Petition Date"), the Nominated Directors, as Foreign Representatives, commenced this case (the "Chapter 15 Case") by filing a voluntary petition for relief under chapter 15 of the Bankruptcy Code.  The Foreign Representatives seek recognition of the Isle of Man Scheme Proceeding as a foreign main proceeding.

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York (Preska,

4

C.J.) dated January 31, 2012. This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Company's petition under section 1515 of the Bankruptcy Code (the "Chapter 15 Petition"). Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

10. The statutory predicates for the relief requested herein are sections 105, 350, 362, 1507, 1515-1517 and 1519-1522 of the Bankruptcy Code, Bankruptcy Rule 5009(c) and Local Rule 5009-2.

## ADDITIONAL FACTUAL BACKGROUND

11. In support hereof, the Foreign Representatives respectfully refer the Court to (a) the *Memorandum of Law in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Memorandum of Law"), (b) the *Declaration of Arnaldur Jon Gunnarsson in Support of Chapter 15 Petition and Requested Relief* (the "Gunnarsson Declaration"), and (c) the *Declaration of Victoria Unsworth in Support of Chapter 15 Petition and Requested Relief* (the "Unsworth Declaration"), each of which is filed concurrently herewith and incorporated herein by reference.

12. The Gunnarsson Declaration and the Unsworth Declaration provide extensive information regarding the Company, the Foreign Representatives, and all information relevant to the Chapter 15 Case and this Verified Petition. Additionally, attached to such declarations are all exhibits referred to in this Verified Petition.

13. In summary, the Company is an investment entity with no operations or employees of its own. It holds cash and equity assets which are described in greater detail in the

5

Gunnarsson Declaration. The Company has significant assets in the United States, in the form of shares of Spirit Realty Capital, Inc., which shares trade on the New York Stock Exchange under the symbol SRC. This Chapter 15 Case is the final step in a multi-jurisdictional restructuring process which resolves litigation and claims arising out of a series of high value, substantial transactions entered into by the Company during the period from late 2005 until late 2007. The hallmark of both of the Isle of Man Scheme and a separate, but materially identical, scheme of arrangement in England and Wales pursuant to Part 26 of the English Companies Act 2006 (the "English Scheme" together with the Isle of Man Scheme, the "Schemes") is to compromise and resolve the bulk of the proceedings and the litigation claims, while other proceedings and claims will be left unresolved to continue in post-scheme litigation.

14. As discussed above, and in great detail in the Gunnarsson Declaration, the Company began a liquidation process in 2010. At such time, the Liquidator Provisional, and then later the Liquidator, was granted authority to exercise powers of the administration of the Company and took control over all of the Company's ongoing legal actions. After lengthy negotiations, such legal actions were resolved pursuant to the Schemes. Together, the Schemes accomplish the following objectives:

    a. restore the Company to a position of solvency, free from historic liabilities (with certain exceptions), so that the winding up can be stayed and the Company can be returned to the control of its shareholder and the Nominated Directors (as defined in the Isle of Man Scheme);

    b. provide the creditors of the Company with certainty, and a cost-efficient outcome, by valuing and compromising the claims of all of the Company's creditors (with certain exceptions) and putting an end to certain ongoing litigation; and

    c. provide the Scheme Creditors (as defined in the Isle of Man Scheme) with a swift resolution by providing prompt payment of a cash dividend in respect of their claims.

6

15. The Isle of Man Scheme Proceeding is a fulsome process pursuant to which the Isle of Man Scheme was proposed, solicited and sanctioned by the Isle of Man Court. The Isle of Man Scheme Proceeding is collective, with due process, including proper notice and an opportunity to participate, for groups of, and individual, creditors and interested parties. Now that the Isle of Man Scheme has been sanctioned, the Foreign Representatives seek United States recognition of the Isle of Man Scheme Proceeding and recognition and enforcement of the Isle of Man Scheme in the United States. Absent the requested relief, the Company's assets may be subject to litigation by certain creditors seeking to encumber such assets and potentially threaten the viability of the Isle of Man Scheme.[3]

## RELIEF REQUESTED

16. By this Verified Petition, the Foreign Representatives seek entry of an order granting ancillary relief in order to effectuate the terms of the Isle of Man Scheme. The Foreign Representatives seek to receive recognition of the Isle of Man Scheme Proceeding, recognition and enforcement of the Isle of Man Scheme in the United States, and the ultimate closure of this Chapter 15 Case. Specifically, the Foreign Representatives seek:

(A) entry of the Proposed Recognition and Enforcement Order, after notice and a hearing:[4]

   (i) granting recognition of the Isle of Man Scheme Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and granting related relief;

---

[3] This Verified Petition does not ask the Bankruptcy Court for recognition or enforcement of the English Scheme. Also, as discussed in the Gunnarsson Declaration, on April 21, 2015, a court in the British Virgin Islands, the Eastern Caribbean Supreme Court in the High Court of Justice, entered an order dated April 1, 2015 in aid of the English Scheme generally staying and restraining any actions or enforcement in respect of any of the Company's property, including property in the British Virgin Islands.

[4] The Foreign Representatives have requested a date and time for a hearing to consider entry of the Recognition and Enforcement Order (the "Recognition Hearing") pursuant to the *Motion of Foreign Representatives for an Order (I) Specifying the Form and Manner of Notice, (II) Scheduling the Recognition Hearing and (III) Granting Certain Related Relief*, filed contemporaneously herewith.

7

(ii) enforcing the Isle of Man Sanction Order and (or such further order of the Isle of Man Court as may then be appropriate) and the Isle of Man Scheme in the United States on a permanent basis;

(iii) recognizing, enforcing and giving effect to the Isle of Man Scheme and the Isle of Man Sanction Order in the United States, and specifically;

    (a) providing that the Isle of Man Sanction Order and the Isle of Man Scheme are recognized, granted comity, entitled to full force and effect against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms, and that such terms shall be binding and fully enforceable on the Scheme Creditors, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any persons claiming through or in the right of any such persons or entities (collectively, the "Related Parties") whether or not they actually agreed to be bound by the Isle of Man Scheme or participated in the Isle of Man Scheme Proceeding;

    (b) providing that any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme with respect to any debt cancelled, discharged or restructured under the Deed of Settlement and Release or the Isle of Man Scheme and/or as a result of Isle of Man law relating to the Isle of Man Scheme, is unenforceable; provided, however, that if such debt is restructured under the Isle of Man Scheme or such law, the enforceability of such judgment is impaired by any order entered in respect of this Chapter 15 Case only to the extent it is inconsistent with the Isle of Man Scheme and such law;

    (c) permanently enjoining all Scheme Creditors and Related Parties from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as expressly provided in the Isle of Man Scheme) any debt cancelled, discharged or

8

restructured under the Deed of Settlement and Release or the Isle of Man Scheme and/or as a result of Isle of Man law relating to the Isle of Man Scheme, or seeking any discovery related thereto; *provided*, *however*, that if such debt is restructured under the Isle of Man Scheme and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Isle of Man Scheme and/or such law;

(d) permanently enjoining all Scheme Creditors and Related Parties from commencing or continuing any action (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, or administrative action or proceeding or process whatever in any judicial, arbitral, administrative or other forum), including by way of counterclaim, employing any process, or performing any act, to collect, recover or offset (except as expressly provided in the Isle of Man Scheme) any debt cancelled, discharged or restructured under the Deed of Settlement and Release or the Isle of Man Scheme and/or as a result of Isle of Man law relating to the Isle of Man Scheme, against property of any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme within the territorial jurisdiction of the United States, including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judicial, quasi-judicial or administrative judgment, award, determination, decree, assessment, garnishment or order, against any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme or their respective property, or any direct or indirect transferee of or successor to any property of any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property; *provided*, *however*, that if such debt is restructured under the Isle of Man Scheme and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Isle of Man Scheme and/or such law;

(e) permanently enjoining Scheme Creditors and Related Parties from (i) transferring, relinquishing or disposing of

9

  any property of any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme located within the territorial jurisdiction of the United States, or (ii) taking or continuing any act to obtain possession of, comingle, or exercise control over, such property, to the extent any such act under (i) or (ii) is inconsistent with the Isle of Man Scheme and Isle of Man law relating to the Isle of Man Scheme;

(f)  permanently enjoining the commencement of any suit, action or proceeding in the territorial jurisdiction of the United States to settle any dispute which arises out of any provision of the Isle of Man Scheme and Isle of Man law relating to the Isle of Man Scheme;

(g)  permanently enjoining all entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to the United States Bankruptcy Court's jurisdiction from taking any action inconsistent with the Isle of Man Scheme, including, without limitation, against any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme or against any property of any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme within the territorial jurisdiction of the United States;

(h)  permanently enjoining Scheme Creditors and Related Parties from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), or employing any process, against the Foreign Representatives (personally or in such capacity), or any entity released pursuant to the Deed of Settlement and Release or the Isle of Man Scheme, or any of their respective successors, assigns, agents, representatives, advisors or attorneys (collectively, the "Company Parties") or any of them in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken by any of the Company Parties as of the Effective Date in connection with this Chapter 15 Case or in preparing, disseminating, applying for or implementing the Isle of Man Scheme or the Isle of Man Sanction Order;

10

        (i)      providing that no action taken by the Foreign Representatives in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Isle of Man Scheme, or any order entered in respect of the Chapter 15 Case, any further order for additional relief in the Chapter 15 Case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Nominated Directors as Foreign Representatives, including without limitation pursuant to section 1510 of the Bankruptcy Code;

        (j)      providing that this Court shall retain jurisdiction with respect to the effect, enforcement, amendment or modification of such order;

(iv)    closing this Chapter 15 Case; and

(v)    granting such further relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

17.    For the reasons set forth in the Memorandum of Law, the Court should enter the Proposed Recognition and Enforcement Order. The Foreign Representatives meet the standards for obtaining the relief requested herein and otherwise satisfy the statutory requirements for recognition, scheme enforcement, entry of a final decree and related relief under chapter 15 of the Bankruptcy Code.

**A.**    **Recognition of the Isle of Man Scheme Proceeding**

18.    Section 1517(a) of the Bankruptcy Code authorizes the Court to enter a final order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign nonmain proceeding, (ii) the foreign representative applying for recognition is a person or body and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. See 11 U.S.C. § 1517(a). Section 1517(b) of the Bankruptcy Code further provides that a proceeding shall be recognized

as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests.  See 11 U.S.C. § 1517(b).

19. For each of the reasons discussed in the Memorandum of Law, the Court should recognize the Isle of Man Scheme Proceeding as a foreign main proceeding because the Chapter 15 Petition, including this Verified Petition, satisfies all of the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code as a foreign main proceeding.  First, the Isle of Man Scheme Proceeding is pending in the Isle of Man, the Company's center of main interests ("COMI").  Second, the Nominated Directors qualify as a person or body, and are foreign representatives within the meaning of section 101(24) of the Bankruptcy Code.  Third, this Chapter 15 Case was duly and properly commenced as required by sections 1504 and 1509(a) of the Bankruptcy Code by filing the Chapter 15 Petition, this Verified Petition, and all other required documents in accordance with section 1515 of the Bankruptcy Code.

**B.     Recognition and Enforcement of the Isle of Man Scheme and the Isle of Man Sanction Order**

20. Section 1521 of the Bankruptcy Code authorizes the court, upon recognition of a foreign proceeding, to grant "any appropriate relief" at the request of the foreign representative "where necessary to effectuate the purpose [of Chapter 15] and to protect the assets of the debtor or the interests of creditors."  11 U.S.C. § 1521(a).  Section 1521 of the Bankruptcy Code lists numerous forms of relief contemplated thereunder.  See 11 U.S.C. § 1521(a)-(f).  The Bankruptcy Code provides that relief under sections 1519 or 1521 may be granted "only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected."  See 11 U.S.C. § 1522(a).

21. Additionally, upon recognition of a foreign proceeding, section 1507 of the Bankruptcy Code authorizes a court to "provide additional assistance to a foreign representative." 11 U.S.C. § 1507(a). Bankruptcy Code section 1507 further provides:

> (b) In determining whether to provide additional assistance under this title or under other laws of the United States, the court shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure –
>
> (1) just treatment of all holders of claims against or interests in the debtor's property;
>
> (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;
>
> (3) prevention of preferential or fraudulent dispositions of property of the debtor;
>
> (4) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed [in the Bankruptcy Code]; and
>
> (5) if appropriate, the provision of an opportunity for a fresh start for the individual that [the] foreign proceeding concerns.

11 U.S.C. § 1507(b).

22. As discussed in the Memorandum of Law, recognition and enforcement of the Isle of Man Scheme and Isle of Man Sanction Order are appropriate under sections 1521 and 1507 of the Bankruptcy Code. Recognition and enforcement of the Isle of Man Scheme and Isle of Man Sanction Order are consistent with principles of comity, are necessary to effectuate the purposes of chapter 15 and to protect the Company's assets and the interests of creditors in the United States, and will leave creditors and other parties in interest sufficiently protected. Finally, where necessary, recognition and enforcement of the Isle of Man Scheme and Isle of Man Sanction Order meets the standards for injunctive relief.

### C. Entry of a Final Decree

23. Section 1517(d) of the Bankruptcy Code provides, in relevant part, that "[a] case under this chapter may be closed in the manner prescribed under section 350 [of the Bankruptcy Code]." 11 U.S.C. § 1517(d). Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

24. Bankruptcy Rule 5009(c) provides:

> Cases Under Chapter 15. A foreign representative in a proceeding recognized under §1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

25. Fed. R. Bankr. P. 5009(c). Finally, Local Rule 5009-2 provides, in relevant part, that "In a case under chapter 15 of the Bankruptcy Code, the Court shall close the case when there is a presumption under Bankruptcy Rule 5009(c) that the case has been fully administered or the Court, after notice and a hearing, determines that the purpose of the foreign representative's appearance in the chapter 15 case has been completed, whichever is earlier." S.D.N.Y. L. Bankr. R. 5009-2(a).

26. Accordingly, this Chapter 15 Case can be closed either (i) after the filing of a final report and the expiration of a thirty (30) day objection period or (ii) if the Court, after notice and a hearing, determines that the purpose of the Chapter 15 Case has been completed.

14

Here, the Foreign Representatives submit to this Court that the latter is appropriate. Upon entry of the Proposed Recognition and Enforcement Order, there will be no further restructuring activity for this Court to consider in the context of the Chapter 15 Case. The primary purpose of the Chapter 15 Case will have been achieved. Entry of the Proposed Recognition and Enforcement Order will give effect to the Isle of Man Scheme in the United States, ensuring full recognition and United States enforcement of the terms of the Isle of Man Sanction Order and the Isle of Man Scheme. The Effective Date of the Isle of Man Scheme has occurred. The Foreign Representatives therefore believe that upon entry of the Proposed Recognition and Enforcement Order they will no longer need to make further appearances before this Court in this Chapter 15 Case. Accordingly, they respectfully request that the Proposed Recognition and Enforcement Order also close this Chapter 15 Case.

### D. Conclusion

27. As described in the Memorandum of Law and above, this Court's recognition of the Isle of Man Scheme Proceeding and recognition and enforcement of the Isle of Man Scheme in the United States is consistent with the purposes of chapter 15 of the Bankruptcy Code and with the public policy of the United States. Therefore, the Foreign Representatives respectfully request that the Court enter the Proposed Recognition and Enforcement Order and grant such other and further relief as the Court may deem just and proper.

### NOTICE

28. No trustee, examiner or statutory committee has been appointed in this Chapter 15 Case. Notice of this Verified Petition has been provided to (i) the Company, (ii) the United States Trustee for the Southern District of New York, (iii) the United States Securities and Exchange Commission, and (iv) the Internal Revenue Service. Further notice will be provided upon the Court's entry of an order, if entered, in connection with the relief requested in

the *Motion of Foreign Representatives For and Order (I) Specifying the Form and Manner of Notice, (II) Scheduling the Recognition Hearing and (III) Granting Certain Related Relief*, filed contemporaneously herewith. In light of the nature of the relief requested herein, the Foreign Representatives submit that no other or further notice is necessary.

[*remainder of page left intentionally blank*]

WHEREFORE, the Foreign Representatives respectfully request (i) entry of the Proposed Recognition and Enforcement Order, substantially in the form attached hereto as Exhibit A, and (ii) such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 11, 2015

SIDLEY AUSTIN LLP

 /s/ Danielle E. Perlman
Danielle E. Perlman
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300

- and -

Jessica C.K. Boelter (*pro hac vice admission pending*)
Matthew G. Martinez (*pro hac vice admission pending*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000

*Counsel to the Foreign Representatives*

## VERIFICATION OF PETITIONER

I, Arnaldur Jon Gunnarsson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. I am a duly authorized foreign representative of Murray Holdings Limited and as such am duly authorized to commence this Chapter 15 Case, request the relief sought thereby and make this Verified Petition in this Chapter 15 Case.

2. I have read the foregoing Verified Petition and I am informed and believe that the factual allegations contained therein are true and correct.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May 2015.

*[signature]*
Arnaldur Jon Gunnarsson, solely in
his capacity as Nominated Director
and Foreign Representative of
Murray Holdings Limited by order
of the High Court of Justice of the
Isle of Man